Jane C. Mariani (SBN 313666)
jcm@marianiadvocacy.com
LAW OFFICE OF JANE C. MARIANI
584 Castro Street, #687
San Francisco, CA 94114
Tel.: (415) 203-2453

*Attorney for Plaintiff,*
CAMERON BAILLIE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CAMERON BAILLIE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., a Delaware corporation;<br><br>Defendant. | Case No.: _______________<br><br>**COMPLAINT FOR DAMAGES** |

**COMPLAINT**

Plaintiff Cameron Baillie ("Baillie" or "Plaintiff"), by and through undersigned counsel, complains and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this action for claims arising out of the sick leave benefits policies and the attendance policies of United Airlines, Inc. ("United Airlines"), Plaintiff's former employer.

2. Baillie worked for United Airlines as a ramp worker at the San Francisco International Airport, where United Airlines conducts its ground operations. He was hired on or about September 20, 2022 and was subsequently terminated on November 22, 2024.

3. At the time of his termination, Baillie was suffering from an occupational injury that required on-going treatment and follow-up doctor visits.

4. United Airlines has an attendance policy that deducts points from a point bank when certain absences occur, including absences for the legitimate use of sick leave. Once an employee's attendance point bank reduces to a certain level, an employee is disciplined, including being placed on corrective action and/or termination.

5. In late July 2024, Plaintiff Baillie resolved informally any outstanding attendance issues with United Airlines. Three weeks later Baillie incurred an occupational injury.

6. Subsequently United Airlines terminated him pursuant to the aforementioned attendance policy for point deductions connected to doctor visits and time off to heal pertaining to this occupational injury.

**JURISDICTION AND VENUE**

7. This Court has subject-matter jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. § 1331, federal question jurisdiction, and 29 U.S.C. § 1132(e), Employee Retirement Income Security Act of 1974 ("ERISA") jurisdiction, because Count I arises under Section 510 of ERISA, 29 U.S.C. § 1140.

8. This Court has supplemental jurisdiction over Plaintiff's state-law claim in Count II pursuant to 28 U.S.C. § 1367(a) because the state-law claim is derived from the same operative facts as Plaintiff's federal claim and so related to the federal ERISA claim that they form part of

the same case or controversy, arising out of a common nucleus of operative fact, specifically, the termination of Plaintiff's employment. Resolving all claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

9. Venue lies in this District, pursuant to 28 U.S.C. §1391(b) and (c) because United Airlines conducts substantial business, maintains offices, and employs authorized officers and agents in this District and this District is where the claims of Plaintiff arose.

**INTRADISTRICT ASSIGNMENT**

10. Pursuant to Civil L. R. 3-2(c) and 3-2(d), this action is properly assigned to either the San Francisco Division or the Oakland Division because a substantial part of the events giving rise to the claims asserted herein occurred in San Mateo County.

**PARTIES**

11. Plaintiff is a resident of Oakley, in the state of California and the county of Contra Costa. Plaintiff was hired by United Airlines to work as a Ramp Service Employee in the Fleet Services work group at the San Francisco International Airport, which is located in unincorporated San Mateo County, until his termination on November 22, 2024.

12. United Airlines is and, at all relevant times herein, was a Delaware corporation authorized to do business under the laws of the state of California and doing business within the state of California in the commercial air carrier business, operating and engaging in substantial business in at least nineteen (19) airports in California, including the San Francisco International Airport.

**FACTUAL ALLEGATIONS**

13. At all times relevant, United Airlines maintained a policy providing contractual sick leave benefits to its employees, under which Plaintiff accrued and was entitled to utilize sick leave.

14. Following Plaintiff's termination for using accrued and available sick leave, United Airlines asserted, and continues to assert, its contractual sick leave policy and benefits thereunder are governed by and constitute an employee benefit plan under ERISA, 29 U.S.C. § 1002(1).

15. Plaintiff lacks complete information regarding the funding, administration, and structure of United Airlines' contractual sick leave policy because such information is within the exclusive control of United Airlines.

16. Accordingly, Plaintiff pleads the following claims in the alternative pursuant to Federal Rule of Civil Procedure 8(a)(3) and 8(d)(2).

**COUNT I**
**Interference with Protected Rights and/or Retaliation**
**(29 U.S.C. § 1140, ERISA § 510)**
**(Pleaded in the Alternative to Count II)**

17. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

18. To the extent that United Airlines' contractual sick leave policy constitutes an "employee welfare benefit plan," as defined by 29 U.S.C. § 1002(1), ERISA section 3(1), and is not an exempt payroll practice under the Department of Labor regulations, Plaintiff was a "participant" in said plan under 29 U.S.C. § 1002(7).

19. Under ERISA section 510, 29 U.S.C. § 1140, it is unlawful for an employer to discharge or discriminate against a participant for exercising any right to which he is entitled under the provisions of an employee benefit plan, or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan.

20. Plaintiff exercised a protected right under the plan by utilizing his accrued contractual sick leave.

21. Defendant United Airlines terminated Plaintiff's employment in retaliation for utilizing his accrued sick leave benefits and/or for the purpose of interfering with his continued attainment and use of those benefits.

22. As a direct and proximate result of Defendant's violation of ERISA section 510, 29 U.S.C. § 1140, Plaintiff has suffered loss of employment, lost wages, and lost benefits.

23. Pursuant to 29 U.S.C. § 1132(a)(3), Plaintiff is entitled to appropriate equitable relief, including but not limited to back pay, front pay, reinstatement of employment and benefits, and an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g).

**COUNT II**
**Wrongful Termination in Violation of Public Policy**
**(Pleaded in the Alternative to Count I)**

24. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

25. Alternatively, if the finder of fact determines United Airline's sick leave policy is paid out

of its general assets as a “payroll practice” under 29 C.F.R. § 2510.3-1(b), and therefore does not constitute an ERISA-covered plan, Plaintiff asserts this state-law claim for wrongful termination.

26. At all times relevant, the laws and public policy of California protect employees from termination, retaliation, or discrimination for utilizing contractually accrued benefits and legally protected sick leave.

27. United Airlines terminated Plaintiff’s employment because Plaintiff exercised his right to take contractual sick leave, which violates the clear and substantial public policies of California.

28. Because this claim is predicated on a policy that is not an ERISA plan, it does not “relate to” an ERISA plan and is not preempted by federal law under 29 U.S.C. § 1144.

29. As a direct and proximate result of United Airlines’ wrongful termination of Plaintiff’s employment, Plaintiff has suffered economic damages, including lost wages and benefits, and non-economic damages, in an amount to be proven at trial.

30. United Airlines’ conduct was malicious, oppressive, and undertaken in conscious disregard of Plaintiff’s rights, thereby entitling Plaintiff to an award of punitive damages.

**COUNT III**
**Retaliation for Use of Sick Leave (Labor Code § 246.5)**
**(Pleaded in the Alternative to Count I)**

31. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

32. California Labor Code section 246.5 prohibits an employer from denying an employee the right to use accrued sick days, or taking discriminatory or retaliatory action against an employee for using or attempting to use sick leave for medical diagnosis, care, or treatment.

33. Plaintiff requested to use accrued, available sick leave for legitimate medical appointment to treat an occupational injury. Defendant denied the use of this leave, obstructed the treatment, and terminated Plaintiff within 30-days of the request, triggering a statutory presumption of retaliation.

34. As a direct and proximate result of Defendant's statutory violations, Plaintiff has suffered economic and non-economic damages in an amount to be proven at trial.

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and award the following relief in the alternative based upon the Court's determination of ERISA coverage:

A. If Count I governs, award appropriate equitable relief under ERISA, including back pay, front pay, reinstatement, and reasonable attorney's fees and costs;

B. If Count II and III govern, award compensatory economic damages, including back pay, front pay, reinstatement to prior employment with Defendant, with all seniority and benefits restored retroactively to the date of termination and lost employment benefits according to proof and compensatory non-economic damages for emotional distress, anxiety, and mental suffering according to proof;

C. Award punitive and exemplary damages according to proof;

D. Award reasonable attorney's fees and expert witness fees pursuant to statute;

E. Award pre-judgment and post-judgment interest;

F. Award costs of suit incurred herein; and

G. Grant such other and further relief as is just and proper.

Dated: November 5, 2026

LAW OFFICE OF JANE C. MARIANI

By: *<u>/s/ Jane C. Mariani</u>*
JANE C. MARIANI,

*Attorney for Plaintiff*
CAMERON BAILLIE

**CERTIFICATE OF ELECTRONIC SERVICE**

I, Jane C. Mariani, hereby certify that on November 5, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants for this case.

Dated: November 5, 2026

LAW OFFICE OF JANE C. MARIANI

By: */s/ Jane C. Mariani*

JANE C. MARIANI,
jcm@marianiadvocacy.com
Law Office Of Jane C. Mariani
584 Castro Street, #687
San Francisco, CA 94114
Tel.: (415) 203-2453

*Attorney for Plaintiff,*
CAMERON BAILLIE